## (February 25, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY JENNINGS, Appellant.— Judgment unanimously reversed on the law and the facts and a new trial granted. Memorandum: The defendant appeals from a judgment of conviction for robbery in the second degree, grand larceny in the first degree and assault in the second degree. He was found guilty following a jury trial. During the course of trial the People offered in evidence a composite picture which the victim assisted in creating in co-operation with the law-enforcement officers who were investigating the incident for which the defendant was later convicted. The offer was for the avowed purposes of identifying the defendant and supporting the credibility of the victim who was the only witness as to the incident. Except where the credibility of a witness is under violent attack as to identity or there is a claim that such testimony at the time of trial is a recent fabrication (which is not this case), earlier identification from an actual photograph is inadmissible (*People* v. *Hagedorny*, 272 App. Div. 830). The same rule applies to a sketch drawn by a police artist from details supplied by a victim (*People* v. *Coffey*, 13 A D 2d 410, revd. 11 N Y 2d 142). The composite picture in this case is vulnerable to the same exclusionary rule. The People also offered testimony of two detectives as to an earlier identification of the defendant by the victim. This was a patent violation of section 393-b of the Code of Criminal Procedure which the People conceded on oral argument. It is urged that this error was insubstantial and did not prejudice the defendant's rights. We disagree. In a case such as this which is based on the identification by the victim only and the same witness is the only one to testify as to the alleged crime, any proof erroneously allowed in support of the version of the victim may not be disregarded (*People* v. *Trowbridge*, 305 N. Y. 471, 477). Because of these errors and in the interests of justice the judgment

622

of conviction should be reversed and a new trial granted. It is noted that proof of admissions made by the defendant was adduced at trial and while the record discloses no question of voluntariness the court submitted to the jury as a question of fact the voluntariness of these alleged admissions. This is sufficient to require the application of the rule pronounced in *Jackson* v. *Denno* (378 U. S. 368) as implemented by *People* v. *Huntley* (15 N Y 2d 72). (Appeal from judgment of Monroe County Court convicting defendant of robbery, second degree; grand larceny, first degree; and assault, second degree.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.