Gabrielli, J.
The case before us for decision presents yet another of those situations wherein the defendant stoutly maintains that his Sixth Amendment right to representation by counsel was violated because his assigned lawyer was so inadequate and ineffective as to deprive him of a fair trial. Such a claim is often advanced following a protracted period of imprisonment during which the convicted person develops a penetrating hindsight as to how his counsel should have conducted the trial. This case, however, does not concern an allegation of incompetence made only after the conviction, nor is it one of the more ordinary remote postconviction attacks which has been developed following keen disappointment in the lack of adroitness on the part of counsel.
Defendant was indicted for the murder of Clifford Van Putten, it being charged that he shot him in the presence of one Amos Grant. Before the commencement of the trial and again after the prosecution’s first witness had testified, the defendant made application to the Trial Judge to have his assigned lawyer be relieved and for the appointment of another attorney to represent him, stating as his reasons that counsel failed to understand him, that his lawyer had not prepared the case for trial, that he could not discuss the facts intelligently with him, and *259 that he was not being properly represented. In denying the applications the Trial Judge advised defendant that if necessary he should write notes to his counsel suggesting questions to be asked of witnesses and that if he (the Trial Judge) discovered the need for any help he would “ come into the case ”.
Following what may be considered to be an ineffective and confusing opening by defense counsel, the prosecution produced the witness Grant. Defendant’s attorney proceeded to conduct a brief and fruitless cross-examination following which the Trial Judge, obviously recognizing the apparent inadequacies, inquired of the District Attorney whether any prior statements had been made by the witness; and, in response, the prosecutor delivered statements made by Grant on two separate occasions. Nonetheless, counsel declined to even examine the statements until prompted by the court, following which the Trial Judge proceeded to “ cross-examine ” the witness, eliciting certain discrepancies and other information favorable to the defendant, including Grant’s prior criminal record of convictions for drug possession.
The record further discloses that in his opening, counsel outlined a defense claim of an accidental shooting, a theory which he abandoned on summation wherein he theorized that the shooting was done in self-defense, despite the lack of substantiation therefor. Additionally, the Trial Judge found it necessary to conduct an inordinate amount of questioning of witnesses, to the point that in colloquy with defense counsel regarding the conduct of the trial, he felt impelled to comment “ I can’t argue with a gentleman who does not understand me And, finally, we note that the ultimate facet of his representation of the defendant is epitomized by his unexplained failure to appear at sentencing at which time defendant received the maximum sentence following a guilty verdict of manslaughter first degree. In sum, it may be said that the Trial Judge himself was dissatisfied with the defense accorded the accused which is further evidenced by his explanation to the jury that his participation in the questioning of witnesses was necessitated by counsel’s omissions. This is also indicated by his sua sponte curative instruction to the jury when no defense objection was interposed to the prosecutor’s suggestion in summation that an inference of guilt might be drawn from defendant’s silence, *260 and his virtual taking control of the “ cross-examination ” of the main prosecution witness. Clearly, then, where as here demonstrated, in light of all the inadequacies taken together, the record reveals a complete lack of investigation and preparation, and defense counsel, far from providing the sort of representation envisioned by the Constitution, has rendered “ the trial a farce and a mockery of justice ’ ’. (People v. Brown, 7 N Y 2d 359, 361; People v. Tomaselli, 7 N Y 2d 350, 354.) The minimum standard of conduct, in part at least, is spelled out in People v. Bennett, 29 N Y 2d 462, 466) wherein Chief Judge Fuld, speaking for an unanimous court, stated that “ [i]t is impossible to define with any precision what constitutes ‘ inadequate ’ or ‘ ineffective ’ legal representation or to formulate standards which will apply to all cases. But, at the very least, the right of a defendant to be represented by an attorney means more than just having a person with a law degree nominally represent him upon a trial and ask questions. Moreover, and this is well settled, the defendant’s right to representation does entitle him to have counsel ‘ conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself time for reflection and preparation for trial. ’ ” (see, also, e.g., People v. Jones, 25 N Y 2d 637, affg. 30 A D 2d 1038).
The record in this cáse amply reveals the exhaustive effort of the Trial Judge to assure defendant a fair trial. However, it should not be required of him to actually conduct the defense. His attempt to elicit the facts beneficial to the defense may be characterized as laudatory but the standard of justice should be such that a defendant be represented by his own counsel. The court’s valiant attempt to cure vital and obvious deficiencies cannot be deemed to satisfy in toto the. constitutional requirement of the assistance of counsel for, in the context of this case, under no interpretation of the facts could the constitutional error be deemed harmless (Chapman v. California, 386 U. S. 18, 23, n. 8; Gideon v. Wainwright, 372 U. S. 335; Hamilton v. Alabama, 368 U. S. 52); and where there has been a “ total failure to present the cause of the accused in any fundamental respect ” a reversal of the conviction is required (Brubaker v. Dickson, 310 F. 2d 30, 39, cert. den. 372 U. S. 978; United States v. Garguilo, 324 F. 2d 795, 796). We do not imply that errorless *261 counsel is required by the Sixth Amendment but, minimally, the assistance of counsel must in fact be susceptible of being deemed of an assistive nature (cf. Brubaker v. Dickson, supra, at p. 37; People v. McDowell, 69 Cal. 2d 737). Here it was not.
The order appealed from should be reversed and a new trial ordered.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Rabin and Stevens concur.
Order reversed, etc.