Memobandum. The order of the Appellate Division should be affirmed. In so doing we note that our jurisdiction is limited to review of questions of law.
On this record we are bound to accept the affirmed finding that this defendant was competent to stand trial. The test to judge the capability of a defendant to stand trial (CPL 730.10) is not the same as the standard for determining his criminal responsibility (Penal Law, § 30.05). The former involves a determination, based on observations of the court aided by such expert testimony as may be offered, that the state of mental health of the particular defendant at the time of his trial is such that he may comprehend his predicament and is “capable of participating rationally in his own defense. We cannot conclude on the record before us as a matter of law that this defendant was not capable at the time thereof of standing trial.
As to defendant’s participation in the appellate process there is before us no adjudication that he is not now capable of taking his part in the prosecution of his appeal in our court. His counsel on oral argument before us expressly disclaimed intention to seek any such adjudication. (Cf. People v. Cossentino, 14 N Y 2d 750.) In these circumstances we are obliged here to treat the determination- of defendant’s capability last made as continuing. We note that the Appellate Division, vested with a discretion which does not lie with our court, could have remitted this case for further hearing to establish whether defen *698 dant was capable of taking his part in his appeal. We do not judge its failure to exercise such discretion an error of law.
In the absence of an adjudication of the present incapability of this defendant and of any request for such an adjudication by his counsel on his behalf, we do not find the predicate for our intervention, sua sponte, in this instance. (Cf. People v. Cossentino, supra; Pate v. Robinson, 383 U. S. 375.)
Chief Judge Bbeitel and Judges Gabbielli, Jones, Wachtleb, Stevens and Witmeb* concur; Judge Babin taking no part.
Order affirmed in a memorandum.

 Designated pursuant to section 2 of article VI of the State Constitution.