Memorandum. This is an appeal by defendant Cossentino from a judgment of the Supreme Court, Queens County, rendered October 19, 1962, convicting him of murder in the first degree and sentencing him to death, the punishment having been commuted to life imprisonment by the Governor in 1970.
Cossentino and Jean Di Fede were indicted for the first degree murder of the latter’s husband on December 7, 1961. On the tenth day of trial, May 11, 1962, Cossentino’s counsel for the first time requested permission to have his client examined by a psychiatrist, it being stated that the request therefor had been made by Cossentino and his family and that the opportunity would "solve a problem between me and my client before it even becomes a defense.” When appellant’s psychiatrist’s report was submitted, counsel contended that his client was incapable of understanding the charges and of making his defense, whereupon trial court committed appellant to the Kings County Hospital for mental observation and report pursuant to section 658 of the former Code of Criminal Procedure. Appellant controverted the ensuing report of two doctors of said hospital and, after a hearing, the court (Scileppi, J.) found that appellant was not in such a state of imbecility or insanity as to be incapable of understanding the charge against him or the proceedings or of making a defense. After conviction and prior to sentence, a second hearing was conducted before another Justice (Farrell, J.), who, at that time, made a determination that appellant satisfied the statutory requirements, being capable of understanding the proceeding and of making his defense.
On May 7, 1964, this court withheld decision of the appeal until a further psychiatric examination was made of appellant under the order and direction of the Supreme Court of Queens County and the making of appropriate findings in respect thereof (14 NY2d 750). Following a hearing, an order of said court (Conroy, J.) was made on June 17, 1965 committing appellant to the Matteawan State Hospital, it having been found that he "is presently in such a state of insanity as to be incapable of understanding the charges against him or of *762 consulting with counsel or the proceedings, or of making his defense.” In 1968, after a hearing, it was found (Livoti, J.) that appellant was no longer incapable under the statute and accordingly was committed to Sing Sing Prison.
The first two proceedings, taken to determine appellant’s capability to stand trial (Code Crim Pro, § 658 et seq.; cf. People v Reason, 37 NY2d 351), each involved "a determination, based on observations of the court aided by such expert testimony as may be offered, that the state of mental health of the particular defendant at the time of his trial is such that he may comprehend his predicament and is capable of participating rationally in his own defense” (People v Laudati, 35 NY2d 696). We do not conclude on the extensive record before us, either as a matter of fact or of law, that appellant was not capable at the respective times thereof of standing trial or of making his defense.
Appellant’s trial counsel, stated to be a person of vast experience in his 38 years of legal practice, interposed a generally energetic and intelligent defense, and it cannot be said that appellant’s legal representation was "inadequate” or "ineffective” or that it rendered " 'the trial a farce and a mockery of justice’ ” (see People v Labree, 34 NY2d 257, 260; People v Lampkins, 21 NY2d 138, 143; People v Brown, 7 NY2d 359; People v Tomaselli, 7 NY2d 350, 356).
There are no other claimed errors which would warrant reversal. The judgment of conviction should be affirmed.