Chief Judge Breitel
(dissenting). I would reverse and order a new trial.
This is a capital case in which the court has the power and the duty to review the facts as well as the law. Hence, the stringent restrictions the court has placed on itself in noncapital cases in reviewing issues of competency at the time of trial are not determinative (see, e.g., People v Reason, 37 NY2d 351, 356, dissenting opn, at pp 359-360; People v Laudati, 35 NY2d 696, 697).
Even in noncapital cases this court has had occasion to reject patently unacceptable expert findings of trial competency, when the record on its facts belied such a conclusion (see People v Jordan, 35 NY2d 577, 581; People v Gonzalez, 20 NY2d 289, 291-293, concurring opn of Bergan, J., at pp 295-296; cf. People v Silver, 33 NY2d 475, 477-483).
On this record, the history of the litigation which ranges *763 from 1962 to the present, and the lifetime personal history of defendant, it has been manifest that defendant was medically insane and also legally incompetent to stand trial. Moreover, the nature of the crime conforms to his obvious lack of capacity. The fact that some experts said he was legally competent to stand trial is not the end of the matter. An expert’s opinion does not conclude a court or a fact finder if his opinion is not supported by the facts (see People v Sherwood, 271 NY 427, 429-430; Commercial Cas. Ins. Co. v Roman, 269 NY 451, 456-457; Lubbee v Hilgert, 135 App Div 227, 233). Even the prosecution experts agreed about defendant’s grave psychosis and that he was not feigning. So troublesome was the case the nisi prius courts felt obliged to allow successive competency hearings.
It is an unreal jurisprudence, rooted only in unrecognized fictions like the peppercorn consideration in medieval enfeoffment, which permits the court, on an expert’s say-so, to find this mad defendant competent to stand trial, advise with defense counsel, and to assist his frustrated trial counsel in interposing a defense of legal incompetency at the time of the crime (see memorandum on prior appeal describing the court’s concern with defendant’s trial competency and his then current condition, 14 NY2d 750).
Accordingly, I dissent and vote to reverse.
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Judgment affirmed in a memorandum.