◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAMOS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 27, 1975, convicting him of criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have not been considered. The issue herein is whether defendant's representation by his retained counsel was so inadequate as to have deprived him of a fair trial. Defendant was charged with criminal possession of a controlled substance in the third degree (LSD) and criminal possession of a weapon in the third degree. Both items were found when, according to the police officers' testimony, they approached defendant in his 1968 Chevrolet station wagon at the intersection of Georgia and Sutter Avenues, Brooklyn, at 9:15 P.M., where defendant was stopped for a red light, because "the gentleman [defendant] looked fairly young. It was late at night and it aroused [their] suspicion." Defense counsel made no pretrial motions, although defendant's arraignment was on February 13, 1975 and two recent decisions weighed heavily in his favor, *People v Cantor* (36 NY2d 106) and *People v Ingle* (36 NY2d 413). Even assuming some rationale existed for not making a pretrial motion to suppress evidence on the ground of a Fourth Amendment violation, such a defense most certainly should have been advanced at the trial (see *Brubaker v Dickson,* 310 F2d 30, 38; *People v Bennett,* 29 NY2d 462, 466). Not only was that defense not put forward, but defense counsel's entire cross-examination of each officer consisted of one question: whether the officer had questioned the juvenile passenger about knowing the defendant. This was irrelevant to the crimes charged. The summation showed a similar lack of preparation. It did not deal with the evidence but was rather more appropriate to a statement which would be made at sentencing. The trial court's efforts to assist the defense were not sufficient to overcome the patent insufficiency of the representation and to insure defendant his fundamental constitutional right to a fair trial (see *People v LaBree,* 34 NY2d 257, 260). We conclude that this is one of those rare cases in which the representation was so inadequate and ineffective as to have deprived defendant of a fair trial (see *People v Bennett, supra,* p 464). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ROCK, Appellant.—Judgment of the Supreme Court, Kings County, rendered September 25, 1975, affirmed (cf. *People v Brosnan,* 32 NY2d 254, 261). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.