■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE SIMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 8, 1974, convicting him of assault in the first degree and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. In the opinion of this court, this is one of those rare cases in which the caliber of representation was so inadequate and ineffective as to have deprived defendant of his right to a fair trial (see *People v Droz,* 39 NY2d 457; *People v LaBree,* 34 NY2d 257; *People v Bennett,* 29 NY2d 462). In assigned counsel's own estimation, the prosecution's case depended solely upon the question of identification. He was further aware that there had been a pretrial identification procedure conducted at the precinct. It was therefore inexcusable (1) to neglect to file a timely motion to suppress the identification testimony in expectation that defendant would accept a plea, (2) to have asked for and been granted leave to conduct a suppression hearing on the eve of trial, without the preparation of motion papers, and then to forego that opportunity, and (3) to

aggravate these omissions at the trial by failing to cross-examine the prosecution's eyewitnesses on the issue of possible taint. In addition to these omissions, it appears that assigned counsel neglected to order a copy of the minutes of the preliminary hearing, and that he neglected further to peruse the court file, despite the fact that prior counsel had been involved in the case. Had he undertaken this last perfunctory precaution, he would have been aware of the fact that defendant had made an incriminating statement subsequent to his arrest. Finally, it appears from the trial transcript that counsel was more concerned with impending litigation in the Federal courts than in according this defendant the best possible representation which the facts of the case would allow. As the Court of Appeals has recently stated: "It is impossible to precisely define 'inadequate' or 'ineffective' legal representation or 'to formulate standards which will apply to all cases' *(People v Bennett,* 29 NY2d 462, 466). However it is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense *(People v Bennett, supra)* and who is familiar with, and able to employ at trial basic principles of criminal law and procedure *(People v LaBree,* 34 NY2d 257; cf. *People v Jones,* 25 NY2d 637). Whether counsel has adequately performed these functions is necessarily a question of degree, in which cumulative errors particularly on basic points essential to the defense, are often found to be determinative (see, e.g., *People v Bennett, supra; People v LaBree, supra)" (People v Droz, supra,* p 462). Here, the operative facts, taken cumulatively, mandate a new trial. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.