■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HARDING, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 22, 1976, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant-appellant was arrested at the scene of the alleged crime. He was accused of firing four shots at the complaining witness from a .22 calibre revolver. He was given proper *Miranda* warnings. He remained silent when asked if he understood their purport. In an attempt to get him to talk, he was taunted by the police and told that he would face a considerable amount of jail time if convicted. Defendant then said: "If you can do the time, commit the crime. If you can't do the time, don't commit the crime." Over defendant's objections the trial court permitted the statement to be disclosed to the jury, saying that it might constitute an admission. The court had previously denied suppression of the statement at a *Huntley* hearing. The admission of defendant's statement and the testimony as to his silence constituted a patent violation of his Fifth Amendment rights (see *People v Von Werne,* 41 NY2d 584). There was no evidence that defendant waived his constitutional right to remain silent. It was therefore improper to urge defendant to talk by reference to the possibility of a lengthy prison term. The constitutional error was compounded by the court's confusing charge as to the statement. The court's charge may have caused the jury to improperly consider a rather innocuous statement as an admission. We hold that this ruling was erroneous and of sufficient moment to prejudice defendant's case before the jury; that the statement may have contributed to the conviction; that it was not harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230, 237); and that it should have been suppressed. In addition, at the trial the subject of the operability of defendant's revolver came into question. The undisputed facts show that the gun carried by defendant was dropped to a concrete sidewalk from a height of about four feet after his victim-to-be (himself armed) turned the tables on defendant and ordered him to drop his gun. As to this circumstance, the People's expert was asked on direct examination: "Q In your opinion, is it possible for that gun to have been in working order, firing shots and then have been dropped and incurred its malfunction at that point? A That's possible, yes." The expert further testified: "Q And in your professional opinion as an expert of ballistics, would it be possible for this gun to be dropped from a height of four feet landing on the muzzle and causing internal damage to the parts? A Anything is possible. I couldn't say this. It's possible. Q It's just as possible as it is not? A It could be impossible. It could be possible. It could happen." In describing the procedure it would be necessary to employ in order to fire each bullet in the revolver, the People's expert explained in his answer that it could be done only: "By removing the cylinder pin, removing the cylinder, placing a live cartridge in one of the chambers, cocking the gun, replacing the cylinder, replacing the cylinder pin and then firing the gun." The

defense attorney preserved these questions and answers for appeal when he moved for a trial order of dismissal. The standard of expertise is established by asking an expert witness if with reasonable certainty he can opine as to the operability of inoperability of a weapon. Expert opinion evidence lacks probative force where the conclusions are contingent, speculative or merely possible (Matter of Riehl v Town of Amherst, 308 NY 212, 216; see, also, Matter of Burris v Lewis, 2 NY2d 323, 327; Horn v State of New York, 31 AD2d 364). Because of these errors defendant is entitled to a reversal and a new trial. We have considered the other points raised by defendant, but in view of our disposition we deem it unnecessary to pass upon them. Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.