■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RIZZO, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 16, 1977, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE ROMERO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 17, 1976, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant raises as his sole ground for appeal that he was deprived of due process of law by the failure of his counsel to furnish him with effective legal representation by neglecting to advise him of possible defenses he might have to the crimes with which he had been charged. The minutes at the time of the change of plea makes it clear that prior to that change, the defendant was thoroughly apprised of the possible defenses, had adequate opportunity to consult with counsel thereon and made his election to plead guilty knowingly, intelligently and voluntarily. It is clear, therefore, that in changing his plea the aid which he received from counsel was assistive and not so inadequate and ineffective as to render the proceeding a farce and a mockery of justice (see *People v LaBree,* 34 NY2d 257). Rather, this appeal is an instance of the "penetrating hindsight" which a convicted person often develops after a period of imprisonment "as to how his counsel should have conducted the trial" *(People v LaBree, supra,* p 258; see, also, *People v Fryson,* 36 Misc 2d 73, 76). Damiani, J. P., Suozzi, Gulotta and O'Connor, JJ., concur.