◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK VEZZA and MARCO VEZZA, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the County Court, Nassau County (Harrington, J.), both rendered October 23, 1981, one convicting defendant Frank Vezza of assault in the second degree, upon a jury verdict, and imposing sentence, and the other adjudicating defendant Marco Vezza a youthful offender, upon a jury verdict that he committed the crime of assault in the second degree, and imposing sentence. Judgments reversed, on the law, and case remitted to the County Court, Nassau County, for further proceedings consistent herewith. The defendants, who are brothers, were charged with assault in the second degree as a result of a fight which occurred in the early morning of July 5, 1980, outside a Seven-Eleven store. Under the facts of this case the defendants were not accorded meaningful legal representation by trial counsel. Defense counsel failed to move for a severance in this case so that defendant Marco Vezza could have testified at the trial of defendant Frank Vezza that Frank was not present at the site at the time of the altercation and defense counsel failed to move for a *Wade-Simmons* hearing in this case where identification was the primary issue. Furthermore, counsel failed to elicit prior statements by several witnesses, which tended to show that Frank was not the person who punched the victim, and that the fight was started by someone known as "Disco Dick", whose description was very different from Marco's. In addition, he elicited testimony on cross-examination which would have been improper bolstering if introduced on the People's direct case. The cumulative effect of these errors in a case of this nature, where identification is the primary issue, was such as to deprive defendants of the effective assistance of counsel. (See *People v Droz,* 39 NY2d 457; *People v Baldi,* 54 NY2d 137; *People v Sims,* 55 AD2d 629.) Defendants' other contentions have been considered and are found

to be without merit. Weinstein, J. P., Thompson, Bracken and Boyers, JJ., concur.