■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO OQUENDO, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hiller, J.), rendered July 20, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found beyond a reasonable doubt that the defendant caused the death of the victim *(see, People v Contes,* 60 NY2d 620, 621). There was considerable testimony indicating that on the day of the victim's death, the defendant and she had been alone together in their apartment, that they had been fighting and that the defendant had threatened her life. Also, the defendant made an incriminating statement to a friend with regard to the incident. Significantly, there was also medical expert testimony indicating that the cause of death was manual strangulation. While there was testimony to the contrary from the defendant's medical expert, this posed a question of fact for the jury to resolve *(see, Matter of Anthony M.,* 63 NY2d 270, 281; *People v Gilbert,* 103 AD2d 967, 968). The testimony of the People's expert witnesses establishing a causal link was not "so baseless or riddled with contradiction that it was unworthy of belief as a matter of law" *(see, Matter of Anthony M., supra,* at p 281; *cf. People v Stewart,* 40 NY2d 692, 699; *People v Harding,* 59 AD2d 897, 898).

Finally, we note that the defendant's claims that he was substantially prejudiced by prosecutorial misconduct and the improper admission of evidence are unsupported by the record. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.