■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URBANO ECHAVARRIA, Appellant.—Judgment of the Supreme Court, New York County (Dorothy A. Cropper, J.), rendered on December 4, 1985, convicting defendant, after trial by jury, of murder in the second degree and criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felony offender, to consecutive terms of imprisonment of 25 years to life, is unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court for a *Wade* hearing and a new trial.

Defendant was convicted of murdering the owner of a

tavern. He now maintains that his conviction should be reversed because of the ineffectiveness of his trial counsel. Under the totality of the circumstances, we agree that counsel failed to provide meaningful representation (see, *People v Baldi*, 54 NY2d 137) and, accordingly, order a *Wade* hearing and a new trial.

In their voluntary disclosure form, the People asserted that there were four identifying witnesses and that photographic and lineup identifications had been made of defendant. Previous counsel had alleged in his omnibus motion that the pretrial identifications were impermissibly suggestive but never requested a *Wade* hearing. In their response, the People, apparently characterizing the motion as a request for a *Wade* hearing, opposed on the ground of insufficient supporting allegations. After the attorney who ultimately represented defendant at trial was assigned, he failed to request a *Wade* hearing.

While a showing that counsel failed to request a *Wade* hearing does not, by itself, establish ineffective assistance of counsel (*People v Rivera*, 71 NY2d 705, 709), this failure, in light of the extensive pretrial identification procedures conducted in this case and the misidentification defense put forth by defense counsel in addition to other errors and omissions of defense counsel, demonstrates that defendant was denied meaningful representation. Although defendant was represented by counsel at the lineups, there was no opportunity to discern whether the ability of the witnesses to identify defendant was based on the prior viewing of photographs or the possibly suggestive comment of a police officer. While it is possible, as the People maintain, that the identification procedures conducted in this case were entirely proper, resolution of this issue is for the hearing court (see, *People v Hale*, 142 AD2d 172, 175; *People v Ferguson*, 114 AD2d 226; *People v Sims*, 55 AD2d 629).

At trial, counsel asked one of the identifying witnesses, a patron at the bar, if he had been shown photographs by the police. At a sidebar conference, the prosecutor represented that this witness had made no photographic identification and that defendant's photograph had not been among those shown to the witness. Defense counsel abandoned his inquiry.

When the barmaid testified, counsel asked her if she had looked through photographs. She stated that she had and that she "didn't get to 50" before she identified defendant. On redirect, she explained that she did not know that the shooter's picture would be among the ones she viewed and that she

had looked through approximately 500 photographs. When the prosecutor asked the witness for her reaction upon seeing defendant's photograph, she stated that she started crying and "got chills up and down my body." Defense counsel never objected. Nor did counsel object to an officer's testimony that defendant's photograph was maintained in the "Cuban" file. In fact, counsel did not object once during the five-day trial.

Counsel presented no opening statement and failed to cross-examine important prosecution witnesses. Defendant took the stand and testified that he was innocent, that he had never been to the bar and that the prosecution witnesses were lying. When defense counsel informed the court that he had no further questions, defendant, from the witness stand, said "[b]ut I have to testify". Counsel apologized to his client and said he forgot. He then asked defendant if he had previously been convicted of two crimes and defendant replied that he had. Then when defense counsel again informed the court that he had no further questions, defendant added that he had only been convicted of an offense involving a gun on one occasion and that the gun had been registered in Texas. The prosecutor objected because this answer wasn't responsive to defense counsel's question (there was no question) and the court struck a portion of defendant's attempt to explain the circumstances of his arrest. Defense counsel, however, never renewed the questioning to allow defendant the opportunity to explain his possession of the weapon. Defendant was then subjected to extensive cross-examination by the prosecutor. However, counsel conducted no redirect examination.

Nor did counsel object to hearsay, bolstering, inquiry exceeding the court's *Sandoval* ruling, improper cross-examination of his client or to improper comments made by the prosecutor during summation. Defense counsel's own summation, which covered 2½ pages of the record, consisted of generalities and failed to expand on the defense of mistaken identification by, e.g., citing to deficiencies and inconsistencies in the witnesses' testimony. Defense counsel also failed to object to the sentence imposed which, we note, was an invalid sentence since one of the predicate felonies for which defendant was sentenced as a persistent violent felon occurred after the incident for which defendant was charged in this case.

While trial tactics which terminate unsuccessfully do not lead to the conclusion that counsel was per se ineffective, in the instant case, "the evidence, the law, and the circumstances * * * viewed in totality and as of the time of the representation", reveal that counsel did not provide meaning-

ful representation *(People v Baldi, supra,* at 147; *People v Rivera, supra).* The right to the effective assistance of counsel includes the right to assistance by an attorney who is prepared on both the law and the facts *(People v Bennett,* 29 NY2d 462). "Whether counsel has adequately performed these functions is necessarily a question of degree, in which cumulative errors particularly on basic points essential to the defense, are often found to be determinative *(see, e.g., People v Bennett, supra; People v LaBree, supra* [34 NY2d 257])" *(People v Droz,* 39 NY2d 457, 462). The cumulative errors and omissions of counsel in this case reveal that the representation defendant received was neither adequate nor meaningful. *(Supra,* at 463.) Accordingly, a *Wade* hearing and new trial are ordered.

In light of the foregoing, we do not reach defendant's remaining contention. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.