■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CHRISTOPHER, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from three convictions of manslaughter in the first degree, defendant contends, and the Special Prosecutor concedes, that the Trial Assistant engaged in inappropriate and improper conduct during his cross-examination of a defense psychiatrist, his direct examination of the People's psychiatrist, and on summation. The Trial Assistant, whose misconduct has resulted in at least one reversal of a murder conviction by this Court *(see, People v*

*Ivey,* 83 AD2d 788), consistently referred to matters not in evidence, made himself an unsworn witness, flouted rulings by the trial court on evidentiary matters, and made flippant remarks which detracted from the seriousness of the proceedings. However, upon our review of the record, we conclude that the Trial Judge was "a saving grace" *(People v Galloway,* 54 NY2d 396, 399). He sustained defense objections, gave curative instructions to the jury, and on several occasions sharply rebuked the Prosecutor *(see, People v Galloway, supra; cf., People v Mott,* 94 AD2d 415). Although we cannot condone the Trial Assistant's behavior, we find that the Judge's firm control over the trial obviated any prejudice to defendant that might have resulted from the Prosecutor's misconduct.

The trial court erred by allowing the People's psychiatrist to testify that defendant might be feigning insanity because he could be released from an institution in only a few months if he were acquitted by reason of mental disease or defect, because the Prosecutor failed to establish that defendant had knowledge of the possibility of his release. However, in light of the court's extensive instructions to the jury that they were not to consider possible punishment when reaching a verdict, we find the error to have been harmless.

We decline to exercise our discretion to hold this appeal in abeyance pending a further hearing to establish defendant's competence to take part in his appeal *(see, People v Laudati,* 35 NY2d 696, 697-698). We further decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Erie County Court, McCarthy, J.—Manslaughter, 1st Degree.) Present—Callahan, J. P., Doerr, Lawton and Davis, JJ.