■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE ROBINSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, an off-duty Buffalo Police Officer, was convicted, following a jury trial, of manslaughter in the second degree for recklessly causing the death of Anthony Williams by shooting him with his service revolver. The incident occurred around 3:00 A.M. on October 22, 1989 after defendant went to the assistance of another off-duty Officer who was working as a restaurant security guard. They had subdued Williams and were applying handcuffs when defendant pulled out his gun, placed it against Williams' head and threatened to blow his brains out if he moved. Although there is some dispute in the testimony, Williams either yelled or moved his head, and defendant's gun went off, shooting Williams in the head.

At trial, defendant contended that the shooting was a tragic accident which resulted from the fact that, unbeknownst to him, his gun was damaged and became cocked during the struggle with Williams, requiring minimal pressure for discharge. Defendant asserted that he was not aware of and did

not consciously disregard a substantial and unjustifiable risk and thus was not guilty of reckless manslaughter (Penal Law § 125.15 [1]). In support of his defense, defendant called a firearms expert. The court refused to allow the expert to answer several hypothetical questions posed by defense counsel pertaining to a possible cause for the discharge of defendant's revolver.

The trial court did not abuse its discretion in sustaining the People's objection to the admissibility of the expert's opinion. The admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court *(People v Cronin,* 60 NY2d 430, 433). Expert opinions which are " 'contingent, speculative, or merely possible' " lack probative force and are, therefore, inadmissible *(Matott v Ward,* 48 NY2d 455, 461; *Strohm v New York, Lake Erie & W. R. R. Co.,* 96 NY 305, 305-306; *People v Miller,* 116 AD2d 595; *People v Roff,* 67 AD2d 805, 805-806). After an offer of proof, the trial court concluded that the expert's opinion about the way the weapon discharged was speculative and conclusory. We agree. Moreover, it was not necessary for the jury to have the benefit of expert testimony to assist them in considering whether the risk created by defendant's actions was substantial, unjustifiable and constituted a gross deviation from the standard of conduct that a reasonable officer would have observed *(see, People v Licitra,* 47 NY2d 554, 559).

Defendant's claim that a justification defense was interposed by the prosecutor's cross-examination of the expert witness is not supported by the record. Defendant's use of his weapon was a critical issue at trial. Defense counsel elicited testimony from his expert, a former training officer for the Buffalo Police Department, about a variety of situations in which officers can permissibly use their weapons to control an unruly crowd or as an instrument of intimidation to help effectuate an arrest. Defendant objected to cross-examining the expert regarding Penal Law § 35.30, which addresses circumstances in which a police officer is authorized to use physical force or deadly physical force. In our view, that questioning was a fair response to the direct testimony of the expert as that statute governs the justification of a police officer's use of physical force in effecting an arrest.

A justification charge was not given by the court. The Penal Law article 35 charge was appropriate to provide the jury with acceptable guidelines governing police conduct under circumstances requiring the use of force. The juxtaposition of the article 35 instructions with the manslaughter charge

provided a standard of conduct against which the jury could measure the reasonableness of defendant's actions and whether, if defendant created a substantial risk of death, that risk was justified. Since the jury was not instructed that defendant had raised a justification defense, the court did not err in failing to instruct that it was the People's burden to disprove such a defense.

The trial court properly denied defendant's request for a "missing witness" charge as there is no basis in the record to establish entitlement to such a charge. Other than noting the People's failure to call all the witnesses they had apparently intended to call, defendant failed to establish that the uncalled witnesses were knowledgeable about a material issue and that the witnesses would naturally be expected to provide noncumulative testimony favorable to the People *(see, People v Gonzalez,* 68 NY2d 424, 427-428). The mere failure to produce a witness at trial, standing alone, is insufficient to justify the charge *(People v Gonzalez, supra).*

Finally, while some of the prosecution's cross-examination of defense witness Jonathan Walton was improper, it was not egregious and did not deprive defendant of a fair trial. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.— Manslaughter, 2nd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.