■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

CARLOS RODRIGUEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Juviler, J.), entered February 20, 1990, which granted the defendant's motion to set aside a verdict convicting him of criminal possession of a controlled substance in the first degree, based upon alleged prosecutorial misconduct during summation.

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Following the jury's rendition of a verdict of guilty, the Supreme Court set aside the verdict pursuant to CPL 330.30 (1) on the ground that the prosecutor's comments during summation denied the defendant a fair trial. On appeal, the People contend that the prosecutor's summation was proper, and that any error was harmless in light of the overwhelming evidence of the defendant's guilt, the court's curative instructions, and the court's main charge to the jury.

We agree. Prior to summations, the court explained to the jury "[i]f I sustain an objection to an argument, then you must disregard the argument that was made, and if it comes into your mind during deliberating, you're not to mention it to the other jurors or consider it when you're reaching your own decision in the case". Additionally, a review of the People's summation demonstrates that after each allegedly improper comment, the court promptly and forcefully instructed the jury to ignore the argument of the prosecutor. Under these circumstances, we find that the Judge's forceful response to the prosecutor's behavior obviated any prejudice to the defendant that might have resulted from the prosecutor's remarks *(see, People v Galloway,* 54 NY2d 396; *People v Christopher,* 170 AD2d 1020). Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.