OPINION OF THE COURT
Paul E. Kowtna, J.
This case involves a burglary of a residence in which the burglar was observed by the victim at the scene. The witness of this burglary has significant artistic training, and during the course of the investigation met with detectives of the Nassau County Police Department. Upon meeting those detectives, the witness indicated a willingness and desire to prepare a pictorial description of the person she saw at the time of the burglary. As a result two drawings were prepared by the victim *857 showing pictorial representation of the burglar, which pictures were turned over to police detectives. The question presented in this proceeding is whether the People will be allowed to introduce these two drawings as evidence in their case in chief.
After reviewing the applicable case law in this area, it would appear that the case of People v Huertas (75 NY2d 487 [1990]) would be controlling. In Huertas, identification was the primary contested issue. The same is true in this matter.
In the Huertas case (supra), the question was whether a verbal description, on the basis of recollection alone, close to the time of the crime can assist the jury in evaluating the degree to which a physical identification may or may not have been the product of intervening memory failure or suggestion. On those facts the Court of Appeals found that such testimony was admissible for the nonhearsay purpose of assisting the jury in evaluating the victim’s opportunity to observe at the time of the crime and the reliability of her memory when she later identified the defendant.
Defense counsel has cited cases to support his position including People v Griffin (29 NY2d 91 [1971]) and People v Jennings (23 AD2d 621 [4th Dept 1965]). Both of these cases involve reversals on the ground that testimony regarding composite pictures or sketches prepared by police in cooperation with civilian witnesses are not admissible. It is this court’s determination, after reviewing these cases in the context of the applicable case law, that both the Griffin and Jennings decisions are distinguishable due to the nature of the pictures being introduced. In this case the sketches are not the products of a police artist’s interpretation but rather were prepared by the civilian witness without any police input or assistance.
Furthermore, this court feels bound by the Huertas decision (supra) since there is no substantive distinction between the descriptive words presented in the Huertas case and the drawn pictures which are the subject of this court’s decision.
The court further notes that Huertas (supra) was cited by the Appellate Division, Fourth Department, in People v Ross (186 AD2d 1006), a case involving a sketch drawn by a witness prior to his having any contact with police, which was allowed into evidence on the People’s direct case. In the instant case, the sketches were prepared by the witness alone and do not appear *858 to be tainted by any police suggestiveness or other improper procedure.
It is this court’s opinion that the pictures offered by the District Attorney may be admitted as part of the evidence in chief, based upon the offer of proof.