■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN S. KESTER, Appellant. [844 NYS2d 804]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered July 28, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in admitting in evidence a statement made by defendant to the police during an investigation that resulted in a prior conviction of attempted burglary in the second degree. We reject that contention. In that prior statement, defendant informed the police that he had approached a home prior to burglarizing it and, when the occupant answered the door, he asked for someone whom he knew did not reside there. In this case, the position of the defense was that defendant believed that he had permission to be in the burglarized home to drop off clothing for a child, although the People established at trial that no children resided there. We thus conclude that the prior statement was admissible on the issue of defendant's intent to commit the burglary as well as the absence of mistake, and that, under the circumstances, its probative value outweighed any potential for prejudice (*see People v Taylor*, 2 AD3d 1306, 1308 [2003], *lv denied* 2 NY3d 746 [2004]; *People v Guiteau*, 267 AD2d 1094 [1999], *lv denied* 94 NY2d 920 [2000]; *see generally People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]; *People v Powell*, 152 AD2d 918 [1989]).

Defendant further contends that two of the prosecutor's statements during summation were inflammatory and irrelevant and that the court erred in denying his motion for a mistrial based on prosecutorial misconduct. We reject that contention. The court sustained defendant's objections to both statements, instructing the jury to disregard one of the statements and striking the other statement from the record, and we conclude that the court's "firm control over the trial obviated any prejudice to defendant" resulting from the prosecutor's alleged misconduct (*People v Christopher*, 170 AD2d 1020, 1021 [1991], *lv denied* 78 NY2d 921 [1991]). We thus conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]). Contrary to the final contention of defendant in his main brief, the sentence is not unduly harsh or severe.

The contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel is based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Keith*, 23 AD3d 1133, 1134-1135 [2005], *lv denied* 6 NY3d 815 [2006]). Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.