*893 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We have examined the several contentions advanced on behalf of defendant and find them to be without merit. First, the receipt in evidence of defendant’s five statements provides no ground for reversal. He was given pretrial notice of these statements and afforded opportunity to listen to the tape recordings. The trial court denied his motion to suppress his first statement, made on July 3, 1975, finding that it was initiated by defendant and freely volunteered by him to the police before he was a suspect with respect to the homicide in this case, while he was being held on an unrelated charge and not being interrogated, and that the statement was made by him for the purpose of arranging an accommodation in connection with that other charge. We cannot say that this factual determination, now affirmed at the Appellate Division, was erroneous as a matter of law. As to his other four statements there was no motion to suppress or objection to their admission in evidence; thus no assertion of error was preserved for our review. Nor is there any proof in this record that defendant was represented by counsel as a consequence of which his statements would have been suppressible.
Second, because there was no pertinent request to charge and no exception was taken to the charge as given, claims of error now advanced with respect to the instructions to the jury, even if such claims were deemed to be well founded, have not been preserved for our review.
Third, when the initial witness for the People unexpectedly testified that she had first met defendant when he was serving time in prison with her husband, defense counsel promptly objected. The trial court sustained the objection and instructed the jurors to disregard the testimony and to strike it from their minds. It was not error for the trial court thereafter to deny defendant’s motion for mistrial — based on the inadvertent disclosure of defendant’s incarceration — as untimely when the motion was not made until the following day after the witness had completed her testimony.
Finally, no basis for reversal of his conviction is found in defendant’s contention that he was denied effective assistance of counsel in consequence of his attorney’s failure to make a pretrial motion to suppress his five statements and his delay *894 in making the motion for mistrial. The statements, except for the first as to which there was a motion to suppress, were apparently thought to be usefully exculpatory. The delay in making the motion for mistrial was perceived by the trial court as a calculated move to await developments in the testimony of the witness. These were no more than matters of trial tactics and errors of judgment at most.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.