OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division affirming the convictions of defendants Bell and Pritchett should be reversed and the cases remitted for new trial.
There can be no question on review of the record that defendant Pritchett did not have effective assistance of counsel, within the meaning of our holdings in People v Brown (45 NY2d 852) and People v Droz (39 NY2d 457) (see, also, People v Gonzalez, 47 NY2d 606). His retained attorney not only failed to request any pretrial hearings, conduct any voir dire of jurors or make any opening statement, but also asserted as a defense in this narcotics prosecution "trafficking” without ever coherently indicating what the defense consisted of, by cross-examination of prosecution witnesses elicited incriminating hearsay evidence against his client, joined in a motion by *935 codefendant Bell made at the end of the People’s case for dismissal of the charges against Bell on the ground that his client, Pritchett, was the only one involved, but nevertheless sought to establish an agency defense, as to which he requested an instruction to the jury, with Bell as the principal, put Pritchett on the stand and, apparently in relation to the trafficking defense elicited a confession from Pritchett as to his part in the selling of the drugs, made a largely irrelevant closing argument, and to cap it off made no sentencing statement on behalf of Pritchett at all. Such a litany establishes beyond peradventure that what is here involved is not a misguided though reasonably plausible strategy decision but clear ineffectiveness of counsel; why else proffer an unrecognizable defense or join in a motion that only his own client was involved.
In the face of the devastation wrought by Pritchett’s "defense” defendant Bell sought, but was denied, a charge that Pritchett was an accomplice as a matter of law and that, therefore, Bell could not be convicted on Pritchett’s uncorroborated testimony. The basis for the refusal was the presumption of innocence, but any inconsistency being of Pritchett’s creation Bell should not have been penalized by leaving the accomplice question to the jury as an issue of fact, when under the circumstances Bell’s conviction could not be sustained on Pritchett’s testimony alone. Nor is there any question that the refusal was error. Though most accomplice as a matter of law requests are made as to witnesses who are not codefendants, precedent exists for the giving of the requested charge as to a codefendant (People v Creighton, 271 NY 263, 281; cf. People v Diaz, 19 NY2d 547).
Finally, if such an error can be harmless it cannot be so regarded in the instant case, for we cannot say in view of the substantial credibility issues presented by the other possibly corroborating evidence that "there is no significant probability that the jury would have acquitted the defendant if the error had not been committed” (People v Crimmins, 38 NY2d 407, 412).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Orders reversed and cases remitted to Monroe County Court for new trial in a memorandum.