■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Richmond County, rendered April 17, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant seeks reversal, *inter alia,* on the ground that he was denied the effective assistance of counsel. Because we are unable to conclude on this record that trial counsel failed to demonstrate reasonable competence in defense of his client, we affirm. The defendant was indicted for an armed robbery at a fast food restaurant. Testimony adduced at a pretrial *Wade* hearing revealed that, shortly after the crime, several of the restaurant's employees were shown an array of photographs. This array did not include the defendant's photograph and the witnesses made no identification. Sometime later, an anonymous tip was received at the restaurant naming the defendant as one of the perpetrators. When this information was relayed to the police, a second photographic array was assembled which included a photograph of the defendant. Two of the employees then selected the defendant's photograph and, at the *Wade* hearing, unequivocally identified him as one of the perpetrators of the crime. At the trial, counsel planned to offer an alibi defense. His witnesses, however, were vulnerable to impeachment either because of a close family relationship to the defendant or because of an unsavory personal background. Consequently, counsel did not rely solely on the alibi testimony but attempted to challenge the identification evidence offered by the People. He succeeded in demonstrating certain discrepancies between the description of the perpetrator initially given to the police and the actual appearance of the defendant. He then chose to press his attack by exploring the photograph identification made by the prosecution's witnesses. He established that the first array, from which no selection was made, was comprised of 150 photographs, while the second, compiled after police attention had been drawn to the defendant, contained only six. Counsel's apparent purpose was to persuade the jury that the identification testimony at trial was not the product of the witnesses' independent recollection but of subtle police suggestion. In effect, counsel asked the jury to infer that the detectives had sought to solve the case by severely limiting the number of photographs in the second array and by then focusing the witnesses' attention upon the defendant, with whom the police were familiar and about whom they had received the anonymous tip. Counsel thereupon produced the individual who had provided the tip to testify that he had done so in anger following an altercation with the defendant. On the witness stand, he retracted the accusation and supported the defendant's alibi defense. As executed at trial, counsel's strategy was somewhat unorthodox and apparently unsuccessful. Nevertheless, it is not the law that, with the benefit of hindsight, an attorney will be judged incompetent whenever he unsuccessfully employs an unusual or innovative approach at trial. As long as counsel demonstrates reasonable competence, there can be no claim of ineffective assistance. The Court of Appeals has most recently addressed the ineffectiveness issue in *People v Bell* (48 NY2d 933). There, counsel failed to request any pretrial hearings, conducted no *voir dire* of the jurors and made no opening statement. He offered an unrecognizable defense and elicited incriminating hearsay evidence against his client. He joined in a motion to dismiss as against the codefendant on the ground that only his client had been involved in the crime. He then called the defendant to the stand and elicited what amounted to a confession. And, finally, he made a closing statement which was largely irrelevant to the issues at trial. The Court of Appeals reversed and ordered a new trial finding that the record demonstrated "not a misguided though reasonably plausible strategy decision but clear ineffectiveness of counsel" (p 935). Two

days before the *Bell* decision, however, the Court of Appeals rejected a similar complaint from a defendant whose attorney had failed to move to suppress five statements and had delayed in requesting a mistrial after evidence of the defendant's unrelated incarceration had been introduced *(People v De Mauro,* 48 NY2d 892). The court found counsel's alleged failures to have been the apparent product of calculated strategy decisions. Both *De Mauro* and *Bell* are helpful here; the first because it recognizes that unsuccessful strategy decisions do not spell out ineffective assistance, and the second because it stands in such stark contrast to the record presently before us. In the case at bar, counsel duly requested a *Wade* hearing. He vigorously cross-examined the prosecution witnesses in accordance with his strategy and theory of the case. Demonstrating adequate investigation and preparation, he planned and competently presented a four-witness alibi defense. (Cf. *People v Droz,* 39 NY2d 457; *People v La Bree,* 34 NY2d 257.) Lastly, he delivered a summation which, although no model of clarity, nonetheless brought home to the jury the essential position of the defense that the identification was suspect while the alibi was credible. Significantly, at no point did the defendant suggest that he was dissatisfied with the quality of representation his retained counsel was providing. (Cf. *People v La Bree, supra.)* In our view, then, the record in this case viewed as a whole demonstrates reasonably plausible strategy decisions and trial tactics not amounting to ineffective assistance. We are not persuaded that trial counsel's performance here should undo a jury verdict which was amply supported by the evidence. We have examined the other contentions raised by the defendant and find them to be without merit. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.