OPINION OF THE COURT
Gerald J. Beldock, J.
Defendant moves for an order vacating the judgment of conviction pursuant to CPL 440.10 (subd 1, par [h]) on the ground that defendant was denied “adequate and effective assistance of counsel.”
On March 28, 1978 after a jury trial, defendant was convicted of criminal sale of a controlled substance in the first degree, a class A-l felony. On May 4, 1978 he was sentenced to a minimum of 15 years and a maximum of life.
In accordance with People v Brown (45 NY2d 852) a hearing on the motion was conducted on January 16, Febru *961 ary 8, February 15 and March 17, 1980. In determining this motion the court has considered the information submitted by both parties in the motion papers, the defendant’s memorandum of law, respondent’s memorandum of law, defendant’s reply memorandum, the court’s observations at trial, the trial record, the credible evidence adduced at the hearing and all other papers on file with the court. The court makes the following findings of fact and conclusions of law.
Throughout most of the pretrial proceeding defendant and codefendant Cruz were both represented by one attorney. Shortly before the trial, it became apparent that a conflict of interest between defendant and codefendant existed (People v Gomberg, 38 NY2d 307; People v Macerola, 47 NY2d 257). Inasmuch as counsel was privately retained, and had received a retainer from defendant, it was determined that counsel would co-operate in finding new counsel.
New counsel was then retained a few days before trial. Prior to trial new counsel discussed the various aspects of this case with former counsel. On March 20, 1978 a representative from new counsel’s office appeared for defendant. At that time defendant was asked if he was satisfied with new counsel, and defendant stated he was. No application, for an adjournment or delay in trial was made. Voir dire of the jurors then commenced. On March 21,1978, the second day of selection of jury, new counsel appeared for the first time. Codefendant Cruz, however, failed to appear on that day, and the case was then adjourned for one day. March 21,1978 was the first time that new counsel had met or consulted with his client, with regard to this A-l felony. Prior thereto, new counsel had discussed the matter with prior counsel. In order to expedite the trial, the District Attorney opened his entire file to new defense counsel for his examination (cf. People v Poole, 48 NY2d 144).
On March 22, 1978 the court conducted a hearing on the whereabouts of codefendant Cruz. After the hearing voir dire of the jurors continued and jury selection was completed.
*962 On March 23, 1978 the People opened to the jury. New defense counsel was the only attorney for any of the defendants to open to the jury. The trial then commenced. During the trial defense counsel (formerly referred to as new defense counsel) vigorously cross-examined witnesses, made motions, consulted with his client, and discussed defendant’s testimony with him. After the People rested defendant testified (he was the only defendant to testify). Defendant appeared well prepared for his testimony, and gave no indication of any mental difficulty in understanding questions posed to him by defense counsel or by the People on cross-examination. Defense counsel also made requests to charge. Throughout the trial defense counsel conducted a vigorous and diligent defense.
The sole issue with regard to this defendant at trial was whether or not defendant had the requisite mens rea to act in concert with his codefendant Cruz in the sale of the controlled substance. Defendant conceded that he was present at the time of the sale, overheard conversations during the narcotic sale, but claimed that he was present only because he had driven the codefendant, his nephew, to the place of the transaction. He claimed that codefendant’s car broke down on the day in question, and as a favor, not knowing that any illegal activity was going to occur, drove his nephew, codefendant Cruz, to the location. Detective Sanchez testified that defendant, during the transaction, nodded in agreement to a statement that, “It is. hard getting good stuff.” Further, he testified that the defendant said, “he [defendant] had taken ■ several packages to New Jersey where he works”. The jury was thus presented with a question of whether or not defendant had the requisite intent to be considered as acting in concert with codefendant. The jury, by its verdict, rejected defendant’s position.
The People claim that the proper standard in assessing a claim of ineffective assistance of counsel is the “farce and mockery” standard. The standard to be used in such claims has been the subject of much debate (see Erickson, Standard of Competency for Defense Counsel in a Criminal Case, 17 Amer Crim L Rev, pp 223-251). The Second Circuit Court of Appeals is the only circuit which uses the “farce *963 and mockery” standard (Indiviglio v United States, 612 F2d 624). All other circuits have adopted the “reasonable competence” standard (see concurring opn in Indiviglio v United States, supra, and Dyer v Crisp, 613 F2d 275).
In People v Sellars (74 AD2d 551), the Appellate Division, First Department, said, “Considered as a whole we are not persuaded that he failed to exhibit the required ‘reasonable competence’ ” (emphasis supplied). In People v Jackson (74 AD2d 585, 586), the Appellate Division, Second Department, said, “Because we are unable to conclude on this record that trial counsel failed to demonstrate reasonable competence in defense of his client, we affirm” (emphasis supplied). Apparently, the First and Second Departments of the Appellate Division have adopted the “reasonable competence” standard.
This court concludes that the proper standard to be applied where defendant claims ineffective assistance of counsel is the “reasonable competence” standard (cf. People v Aiken, 45 NY2d 394).
The court further notes that no distinction should be made between the standard applicable to appointed counsel and the standard applicable to retained counsel. In Cuyler v Sullivan (446 US 335, 344) the court said, “A proper respect for the Sixth Amendment disarms petitioner’s contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel.” (See, also, People v Aiken, 45 NY2d 394, supra.)
The defendant argues that his retained counsel failed to make any investigation, and failed to consult with defendant prior to the commencement of trial.
It is well settled that ordinarily defense counsel has an obligation to investigate defendant’s case, both factually and legally, and to consult with him (see Wallace v Kern, 392 F Supp 834, revd on other grounds 481 F2d 621; ABA Standards, Defense Function, §§ 3.1, 3.2, 4.1). In Powell v Alabama (287 US 45, 57), the court recognized that without “consultation, thoroughgoing investigation and preparation” by defense counsel, defendant would be deprived of the “aid of counsel in any real sense”.
*964 In Moore v United States (432 F2d 730, 735), the court observed, “Adequate preparation for trial often may be a more important element in the effective assistance of counsel to which a defendant is entitled than the forensic skill exhibited in the courtroom.” (See, also, People v Bennett, 29 NY2d 462, 466; People v Droz, 39 NY2d 457, 462; People v La Bree, 34 NY2d 257, 260.)
What has been said about investigation is equally applicable to consultation between defendant and his counsel (People v McLaughlin, 291 NY 480).
However, the failure to investigate or consult is not a per se violation of defendant’s constitutional rights. The amount of time necessary in investigation and consultation will vary greatly depending on the nature of the case, the skill of the attorney, and the particular defendant (Turner v State of Maryland, 318 F2d 852; People v Wight, 176 F2d 376). As observed by the court in Rastrom v Robbins (440 F2d 1251, 1253), “We recognize that the amount of time required for adequate preparation can widely vary.”
In this case we have an attorney who has tried over 100 major felony cases; has tried several A-l narcotic felony cases; and has been admitted to practice law for a period of about 12 years. The attorney was contacted by the prior attorney and was informed of defendant’s claims (see United States v Joyce, 542 F2d 158, cert den sub nom. Teri v United States, 429 US 1100). The attorney did not request an adjournment of the matter. The attorney was satisfied with the information received from prior counsel and saw no necessity for any further investigation; nor did he contact defendant until the second day of jury selection. The record is void as to what, if any, investigation or preparation the prior attorney did with regard to this defendant. Prior to trial the District Attorney’s file was open to new counsel for his information. The issue in the case is not difficult (the sole issue appears to be whether defendant had the requisite intent to make out an acting in concert with his codefendant Cruz). This was an undercover narcotics transaction. Defendant admitted being present at the place, time and location of the incident. Therefore, any further investigation would have been futile. Defense counsel con- *965 suited with prior counsel, and examined the District Attorney’s file. This constitutes investigation.
The District Attorney claims that defendant has failed to show that the trial was adversely affected by the attorney’s failure to investigate or consult. The court deems this argument as an argument that defendant has failed to show prejudice, or an argument that any error was harmless. The defendant claims because of his low I.Q. (an I.Q. of 74 — borderline mentally retarded) that had the attorney investigated defendant’s mental ability, a defense of lack of intent based upon mental retardation could have been made out. Defendant also argues that because of defendant’s low intelligence longer consultations were necessary.
The record is devoid of any proof that defendant’s intelligence is so low as to make out such a defense. The court observed defendant when he testified on direct examination and cross-examination, and finds nothing indicating such a low intelligence as to make out any defense. Indeed, in prior conversations with the court the court could not observe that defendant had such a low intelligence. In his prior involvements with the law, none of his previous attorneys or any prior Judges noted any mental problem. Defendant’s relatives never raised such an issue to any defense counsel; nor can it be said that from merely talking to defendant such an issue is apparent. The court finds that defendant has failed to prove prejudice.
The court must determine whether in a claim of ineffective assistance of counsel proof of prejudice is necessary. The observation of the court in Davis v State of Alabama (596 F2d 1214, 1222) is pertinent, “The Supreme Court has gone further than this, however; indeed the Court seems never to have applied the harmless error to a case involving the ineffective assistance of counsel.” (Emphasis supplied.) In Gideon v Wainwright (372 US 335), the court ruled that where a defendant has no defense counsel, prejudice need not be shown. In Herring v New York (422 US 853), the court ruled that the barring of defense counsel from making summations can never be harmless error. In Geders v United States (425 US 80), after defendant tes *966 tified on direct examination, the court adjourned overnight. The court then ordered defendant not to talk to anyone, including his defense counsel. The court ruled that the deprivation of defendant’s right to consult his attorney could never be harmless error, and prejudice need not be shown (same effect, Powell v Alabama, 287 US 45, supra harmless error inapplicable where defendant deprived of right to consult with attorney). In Glasser v United States (315 US 60), Holloway v Arkansas (435 US 475) and Cuyler v Sullivan (446 US 335, supra) the court ruled that where defense counsel is required to jointly represent two defendants who have a conflict of interest, the harmless error rule could not be applied. In People v Felder (47 NY2d 287, 295), the court said, “Harmless error analysis is not, however, available in all instances of constitutional error * * * Among such errors is the denial of the constitutional right to assistance of counsel.”
Nonetheless, the cases appear to be in conflict whether in a claim of ineffective assistance of counsel there is a necessity for showing prejudice, or whether the harmless error doctrine is applicable.
Some cases indicate that there is no necessity for showing prejudice (Beasley v United States, 491 F2d 687, 696 [CA 6th]; Cooper v Fitzharris, 551 F2d 1162, 1164 [CA 9th]). Upon rehearing en banc in Cooper v Fitzharris (586 F2d 1325, 1331), the Ninth Circuit Court of Appeals said, “When the claim of ineffective assistance of counsel rests upon specific acts and omissions of counsel at trial * * * relief will be granted only if it appears that the defendant was prejudiced by counsel’s conduct.” (Emphasis supplied.) Apparently, this holding limits the prior broad statement in Cooper v Fitzharris (551 F2d 1162, supra). Similarly, the Sixth Circuit in Johns v Perini (440 F2d 577, and after hearing at 462 F2d 1308) seems to have abandoned the absolute enunciated by it in Beasley v United States (supra) and places emphasis on a showing of prejudice.
The following circuits of the Court of Appeals have apparently required a showing of prejudice in any claim of ineffective assistance of counsel: The First Circuit in Rastrom v Robbins (440 F2d 1251, supra; see United States *967 v Bosch, 584 F2d 1113 [where the court refuses to make an affirmative statement on his issue]); the Second Circuit in United States v Wight (176 F2d 376, supra); the Third Circuit in United States ex rel. Green v Bundle (434 F2d 1112, 1115-1116) and in United States ex rel. Johnson v Johnson (531 F2d 169); the Fourth Circuit in Coles v Peyton (389 F2d 224); the Fifth Circuit in Davis v State of Alabama (596 F2d 1214, supra); the Sixth Circuit, as previously discussed, in Johns v Perini (supra); the Seventh Circuit in United States v Cooper (580 F2d 259, 263, n 8); the Eighth Circuit in McQueen v Swenson (498 F2d 207, 218-220) and in United States v Bad Cob (560 F2d 877; cf. Wolfs v Britton, 509 F2d 304 [where the court finds prejudice apparently by looking at the result]); the Ninth Circuit, as previously discussed in Cooper v Fitzharris (586 F2d 1325, supra); and the D.C. Circuit in United States v DeCoster (487 F2d 1197).
The court concludes that prejudice is an element or factor to be considered in a claim of ineffective assistance of counsel.
The courts appear to be divided as to who has the burden of proving prejudice or lack of prejudice, when a claim of ineffective assistance of counsel is made on the ground that defense attorney fails to. investigate defendant’s case or fails to consult with defendant.
In Coles v Peyton (389 F2d 224, 226 [CA 4th]) the court held that once it is shown that an attorney has failed to investigate or consult with his client, the People have the burden of showing lack of prejudice. The District Circuit Court of Appeals in United States v DeCoster (487 F2d 1197, supra) apparently adopted the Fourth Circuit approach (it is not clear whether this approach was abandoned in DeCoster III — see Erickson, Standards of Competency of Defense Counsel in a Criminal Case, 17 Amer Crim L Rev, p 249).
The First Circuit rejects the approach of the Fourth Circuit and places the burden on defendant (see Rastrom v Robbins, 440 F2d 1251, supra, and United States v Ritch, 583 F2d 1179, 1183). The Third Circuit has adopted the First Circuit approach (see United States ex rel. Johnson v *968 Johnson, 531 F2d 169, 177, supra; Moore v United States, 432 F2d 730, supra).
The Eighth Circuit Court of Appeals in McQueen v Swenson (498 F2d 207, 220, supra) said: “What we are saying is that, here, the petitioner must shoulder an initial burden of showing the existence of admissible evidence which could have been uncovered by reasonable investigation * * * In lieu of such a showing, we hasten to add, the defendant must be allowed to demonstrate that changed circumstances beyond petitioner’s control have made it impossible to produce any helpful evidence at this time. The latter circumstances, if proved, would serve to shift to the state the burden of showing the absence of. any prejudice”.
The court adopts the burden of proof as enunciated by the Eighth Circuit in McQueen v Swenson (supra). The defendant must show what evidence defense counsel neglected to discover. Absent such a showing, defendant must show that it is impossible to make such a showing, and thus shift the burden of proof to the People. In this case, defendant has failed to make either of the two showings. The court finds with regard to the facts in this case that lack of investigation and consultation was not a violation of defendant’s constitutional rights.
With regard to defendant’s claim of the failure of defense counsel to call defendant’s brother, the record clearly indicates that this was part of intelligent trial strategy. The court cannot second guess defense counsel’s trial tactics (People v De Mauro, 48 NY2d 892; People v Smith, 61 AD2d 91; United States v Joyce, 542 F2d 158, cert den sub nom. Teri v United States, 429 US 1100, supra).
The court has also considered the other contentions of the defendant and finds them without merit.
The motion to vacate the judgment of conviction is denied.