Melvin WRIGHT, Appellant,

v.

Roy M. BOMBARD, Superintendent, Greenhaven Correctional Facility, Appellee.

No. 1432, Docket 80–2107.

United States Court of Appeals, Second Circuit.

Argued Aug. 19, 1980.

Decided Oct. 30, 1980.

Certiorari Denied Feb. 23, 1981. See 101 S.Ct. 1400.

Eleanor Jackson Piel, New York City, for appellant.

Paul E. Milbauer, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of New York, Gerald J. Ryan, Asst. Atty. Gen., New York City, of counsel), for appellee.

Before KEARSE, Circuit Judge, LAYTON* and DUMBAULD,** District Judges.

PER CURIAM:

Petitioner–appellant Melvin Wright, a state prisoner, appeals from a judgment of the United States District Court for the Southern District of New York, 472 F.Supp. 56, Edward Weinfeld, *Judge*, dismissing his

---

* Honorable Caleb R. Layton, III, Senior Judge of the United States District Court for the District of Delaware, sitting by designation.

** Honorable Edward Dumbauld, Senior Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

petition for a writ of habeas corpus. Wright contends that he was denied due process of law by the admission at his criminal trial of a post–arrest statement made by him without a knowing waiver of his right to remain silent. The district court concluded that in light of his unexplained failure to timely pursue this contention in state court, Wright was not entitled to a writ of habeas corpus. We agree.

In 1973, Wright was indicted for murder, and after a jury trial in New York Supreme Court, New York County, was convicted of manslaughter in the first degree. The case arose out of a barroom altercation which ended in a fatal stabbing. Wright was arrested in connection with the homicide and was given his *Miranda* warnings. In response to questioning he denied that he had committed the homicide and implied that he could not have been at the scene of the crime because at that time he was engaged in various explicitly described sexual exploits. This statement was admitted into evidence at trial over Wright's objection that he was drunk when he received the *Miranda* warnings and hence was unable to understand those warnings.[1]

Wright appealed his conviction to the Appellate Division, represented by the attorney who represented him at trial. In challenging the admission of his post–arrest statement, Wright argued only that the statement was prejudicial, boasting as it did of the sexual escapades of a family man and showing Wright to be of immoral character, and should have been excluded because he had not placed his character in issue. The Appellate Division affirmed Wright's conviction without opinion. Leave to appeal to the New York Court of Appeals was denied, and a petition to the United States Supreme Court for a writ of certiorari was denied.

---

1. The trial court received testimony by the stenographer who had transcribed Wright's statement, that although Wright appeared to have been drinking, he appeared to be rational at the time of the statement and did not appear to be drunk.

Subsequently, Wright filed his first petition for habeas corpus in the United States District Court for the Southern District of New York on the ground that his post–arrest statement was, in light of his alleged drunken state, involuntary. Judge Whitman Knapp dismissed the petition on the ground that Wright had failed to exhaust his state court remedies, and Wright then moved in state court pursuant to N.Y.Crim. Pro.Law § 440.10(1)(h),[2] to vacate his conviction on the ground that the statement was involuntary. Wright's motion was denied (Leff, J.) because he had failed to raise the voluntariness issue on direct appeal as required by N.Y.Crim.Pro.Law § 440.-10(2)(c);[3] leave to appeal this decision was denied.

Wright then filed his present petition for habeas corpus. Judge Weinfeld ruled that because Wright had failed to raise the voluntariness argument in accordance with state procedural requirements, he was not entitled to a review of this claim in federal court unless he showed both cause for the noncompliance and actual prejudice resulting from the alleged constitutional violation. *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). Judge Weinfeld found that Wright had failed to satisfy either part of the *Sykes* test: he had failed to advance any explanation, either by his own or by his state court attorney's affidavit, for the failure to raise the constitutional issue on appeal from his conviction; and Judge Weinfeld concluded that Wright had not shown prejudice since the statement was entirely exculpatory and its admission enabled Wright to place his alibi before the jury without having to take the witness stand and subject himself to cross examination.[4]

Wright's argument on this appeal is principally that *Wainwright v. Sykes* does not apply to his constitutional claim for two reasons: first because the constitutional claim was in fact, "albeit inartfully," raised on the appeal from his conviction, and second because, even if not raised on appeal, assertion of the constitutional argument at trial sufficed to make the claim reviewable in federal court. We find no merit in these contentions.

We think it clear, as found by Judges Knapp and Weinfeld and Justice Leff, that Wright did not press his constitutional claim in the Appellate Division. His sole articulated challenge in that court with respect to his post–arrest statement was that it should have been excluded because it reflected badly on his character, which had not been placed in issue. His argument made no mention of his inebriated state nor any claim of involuntariness. His citation to the trial record was not to the page at which the constitutional objection was made. There was no mention of the Constitution or the Due Process Clause, nor citation of any authorities which would have supported or been relevant to the constitutional claim. Indeed, Wright's citation of *People v. Cameron,* 73 Misc.2d 790, 342 N.Y. S.2d 773 (1973), may bespeak an actual intention *not* to raise a constitutional issue, for the sole relevant statement in that opinion, which was concerned principally with Fourth Amendment questions, was as follows: "the fact that statements may be admissible as not having been obtained in violation of a defendant's constitutional rights does not necessarily mean that they are admissible under evidentiary rules relating to relevance, probity or prejudice." 342 N.Y.S.2d at 786. We conclude that neither the factual basis nor the legal premise of Wright's present claim was fairly presented to the Appellate Division, *see*

**2.** Section 440.10(1)(h) provides that a motion may be made to vacate a judgment on the ground that the judgment was obtained in violation of a right of the defendant under the constitution of the state or the United States.

**3.** Section 440.10(2)(c) requires the court to deny a motion to vacate a judgment when the motion is based on an issue which the defend-

ant could have raised on direct appeal but unjustifiably failed to do so.

**4.** Judge Knapp, in dismissing Wright's original petition for failure to exhaust his state remedies, opined that the admission of the statement was highly prejudicial because it painted Wright as a peculiarly unattractive individual.

e. g., *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Twitty v. Smith*, 614 F.2d 325 (2d Cir. 1979); *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979); *United States ex rel. Cleveland v. Casscles*, 479 F.2d 15 (2d Cir. 1973), and that Wright therefore did not follow the required state procedures to obtain appellate review of his constitutional claim.[5]

In *Wainwright v. Sykes, supra*, the Supreme Court ruled that a federal habeas court is barred from considering a claim not asserted at trial in compliance with state procedural requirements unless the petitioner shows adequate justification for the noncompliance and actual prejudice resulting from the alleged constitutional violation. This Court has recently held that the "cause and prejudice" requirements of *Wainwright v. Sykes* are also applicable when the petitioner had made his constitutional objection at the trial level but failed to pursue it, as required for state court review, in his state court appeal. *Forman v. Smith*, 633 F.2d 634 (2d Cir. 1980). Accordingly, Wright's petition was properly dismissed unless he adequately demonstrated both cause for his failure to press his constitutional claim in the Appellate Division, and actual prejudice resulting from the admission of his statement. We need not reach the prejudice issue, as to which Judges Weinfeld and Knapp drew differing conclusions (*see* note 4, *supra*, and accompanying text), since Wright has not suggested any justification whatever for his failure to pursue the constitutional claim on his state appeal. We

conclude that federal habeas corpus review of Wright's conviction is foreclosed.

The judgment is affirmed.

---

5. We find no merit in Wright's additional arguments to the effect that the Appellate Division must implicitly have reached and rejected his constitutional claim. Wright points out that N.Y.C.P.L.R. § 5501(a)(3) brings up for review on appeal of a final judgment "any ruling to which the appellant objected or had no opportunity to object." This section, however, merely sets the general boundaries of review by an appellate court and in no way implies that the reviewing court will be deemed to have ruled on all conceivable bases for an objection including those never mentioned on appeal. Wright's reliance on two footnotes in *Ulster County Court v. Allen*, 442 U.S. 140, 150 n.8, 151 n.10, 99 S.Ct. 2213, 2221 nn.8 & 10, 60

L.Ed.2d 777 (1979), for the proposition that an error to which there is no contemporaneous objection may nevertheless be deemed raised on appeal in New York, is similarly misplaced. The cases cited in the *Ulster County Court* footnotes refer simply to the principle that, as an exception to the general boundaries of review, a reviewing court is permitted to consider errors not objected to at trial if these errors are of constitutional dimension. None of the authorities stands for the proposition that a possible constitutional error not asserted below must be, or is implicitly, reviewed by the appellate court if it has not been mentioned on appeal.