■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FOTI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered August 27, 1980 and amended August 28, 1980, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment, as amended, reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In this case, the most important issue concerned the identification of the robber. The defendant, to challenge the reliability of the in-court identification by the victim, chose to inform the jury that two precinct identifications had been suppressed. (See *People v Jackson,* 74 AD2d 585.) This strategy was articulated in the defense counsel's opening statement. It was an unorthodox but rational choice in view of the other evidence against the defendant. (See *People v Jackson, supra.)* The trial court interrupted the defense counsel and stated: "Counsel asked that these identifications that were made not be submitted to the jury, and I have agreed with him that they should not be given to the jury, that you should not consider them. I'm at a loss now to understand why defense counsel at this time, after asking me to keep it from your consideration, now comes in and makes statements about something which I have ruled cannot be given to you for your consideration. Now we all took oaths. These are technical matters. We all took oaths to perform certain obligations. I instruct you now to disregard the statement of counsel about these prior other identifications." With the intent to protect the defendant, the court prejudiced him severely by precluding his defense strategy from the jury's consideration and by suggesting that the defense tried to withhold evidence from the jury's consideration. The prejudice caused by the court's instruction to the jury to ignore the defense strategy was compounded by the court's failure to instruct the jury on the issue of identification and on the evaluation of identification testimony. (See *People v Merriman,* 79 AD2d 619; *People v Bruno,* 77 AD2d 922.) Although the defendant failed to object to the lack of judicial guidance, we review this error in the interest of justice. (See *People v Merriman, supra; People v Bruno, supra.)* We conclude that the failure to charge, coupled with the preclusion of the defense, mandates reversal. We find it necessary to comment on the identification procedures used by the police, although no remedial action is

required on appeal since the resulting identifications were suppressed by the trial court. The victim was shown a photographic array which was not preserved. Thereafter, the victim viewed an informal lineup, consisting of four men including the defendant. No photograph was taken of this group. Thus, neither the trial court nor this court has been able to review the suggestibility of the identification procedures. We view the failure of the police to preserve the evidence of these confrontations with strong disapproval. Lazer, J.P., Mangano, Gibbons and Margett, JJ., concur.