George CARTER, Petitioner,

v.

Charles SCULLY, Superintendent, Respondent.

No. 80 Civ. 6310.

United States District Court, S. D. New York.

Feb. 12, 1982.

George Carter, pro se.

Robert Abrams, Atty. Gen. of N. Y., New York City, for respondent; Allan S. Adolph, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The matter before the Court is the report and recommendation of Magistrate Leonard Bernikow pursuant to 28 U.S.C., section 636(b)(1)(C) that petitioner's application for a federal writ of habeas corpus to void his judgment of conviction of first degree robbery and murder in the second degree predicated upon the robbery felony be dismissed. The judgment which was entered in the County Court of Ulster County, New York following a jury trial, was affirmed upon appeal by the Appellate Division [1] and leave to appeal to the Court of Appeals was denied.[2]

The petitioner, appearing pro se, seeks to void his conviction upon alleged violation of his right to due process of law under the Fourteenth Amendment to the United States Constitution on the following grounds: (1) admission into evidence of his written confession; (2) insufficiency of the evidence to establish guilt beyond a reasonable doubt; and (3) error in the court's charge as to the standard required to sustain a conviction for the crime of murder in the second degree, based upon the predicate felony.

It is desirable to consider first petitioner's claim that the evidence was insufficient to

1. *People v. Carter*, 50 A.D.2d 174, 377 N.Y.S.2d 256 (1975).

2. The petitioner's application was referred to Magistrate Bernikow by then District Judge Lawrence H. Pierce. Upon Judge Pierce's appointment to the Court of Appeals, the case was reassigned to this Court.

establish guilt beyond a reasonable doubt, in constitutional terms—"whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"[3]—since this issue sheds some light on his claim challenging the admissibility of his confession. Petitioner's attack is directed solely to his conviction of murder in the second degree which was based upon the robbery felony. The petitioner does not challenge his conviction on the robbery charge; he has not disputed his participation therein together with an accomplice. The evidence presented by the state upon petitioner's trial is set forth in detail in the Appellate Division's opinion affirming the murder conviction and familiarity therewith is assumed. Essentially, petitioner's claim rests upon a contention, as stated in his confession, that the homicide was committed solely by his confederate and without his knowledge; that it was not committed in the course, or in furtherance, of the robbery or in immediate flight therefrom; rather, that the robbery in which he had participated had been fully terminated. The petitioner called his accomplice as a witness in his behalf but the accomplice refused to answer any questions asserting his Fifth Amendment privilege.

■■■■ Petitioner erroneously assumes that the jury was bound to accept, in its entirety, his confession which exonerated him from any role in the homicide by placing himself at a time and distance from the murder scene so that his complicity could not be inferred. But, as the Appellate Division pointed out, the jury was not bound to accept in totality his exculpatory confession; it had the right to evaluate it, accepting such parts and rejecting others as it chose, taking into account all the evidence, direct and circumstantial. The Appellate

Division recognized that while the jury could have found a completed robbery in which petitioner had participated and that he had no role in the subsequent murder, it also "could properly conclude beyond a reasonable doubt that the killing to eliminate a witness and avoid future detection so closely followed the robbery in point of time and place as to be immediately connected therewith and, thus, within the commission and furtherance of that felony [citation omitted], or that the homicide took place while defendant was in immediate flight therefrom with the proceeds."[4] Indeed, this recognition of the jury's right to accept or reject portions of petitioner's confession, when weighed against the totality of evidence, is simply another application of Chief Judge Learned Hand's oft-cited observation that "evidence may satisfy the [fact finder] not only that the witness' testimony is not true, but that the truth is opposite of his story."[5] Upon an independent review of the entire record, this Court agrees with the Magistrate's recommendation that there was substantial evidence upon which a rational fact finder could find that the state established the essential elements of the murder charge beyond a reasonable doubt.

Next, petitioner contends that the admission into evidence of his confession violated his right to due process of law. The Magistrate recommended that this claim be dismissed for failure to properly present it in the state appellate court.[6] Petitioner contended that his confession was the product of ill-informed and inadequate *Miranda* warnings, physical exhaustion as well as psychological coercion. An extensive pretrial *Huntley*[7] hearing was held during which more than 300 pages of testimony were taken. The court denied petitioner's motion to suppress finding beyond a reason-

---

**3.** *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

**4.** *People v. Carter*, 50 A.D.2d 174, 177, 377 N.Y.S.2d 256, 258–59 (1975).

**5.** *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952).

**6.** *See Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

**7.** *People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

able doubt that his statements were voluntary and admissible into evidence.[8]

◼ At the trial, petitioner's counsel renewed his attack upon the voluntariness of the confession and thoroughly cross-examined the state's witnesses. When offered in evidence, counsel initially did not object but after a side bar conference, noted an "objection for the record" without stating the basis for the objection, which was overruled and the confession was received in evidence.[9] The trial judge instructed the jury in detail as to factors to be considered in passing upon the voluntariness of the statements emphasizing, among other matters, "his age, his intelligence, his experience, the situation in which he found himself, his emotional state at the time and how it affected him."[10] The jury's verdict indicates that petitioner's contention that his confession was not voluntary was again rejected since it constituted a substantial part of the evidence upon which the state relied. A reading of the *Huntley* hearing and trial minutes on this subject demonstrates substantial evidence to sustain a determination that petitioner was fully advised of his *Miranda* rights and that the statements were voluntary.

◼ Petitioner's appeal from the judgment of conviction was briefed and argued by his trial counsel, who also had represented petitioner on the motion to suppress. While, as already noted, at the trial a timely objection was made to the admission into evidence of the confession,[11] the issue was not presented to the Appellate Division either on a constitutional or any other ground. Consequently the claim was waived[12] and this federal habeas corpus court is barred from considering it unless the petitioner satisfies the twin "cause" and "prejudice" exception articulated in *Wainwright v. Sykes*.[13] Our Court of Appeals has held that its requirements "are also applicable when the petitioner has made his constitutional objection at the trial level but failed to pursue it, as required for state review in his state court appeal."[14] Thus petitioner must establish "cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation."[15]

Petitioner's conviction was entered in August 1974; it was affirmed in January 1976 and leave to appeal denied in February 1978. Petitioner commenced the instant proceeding in September 1980. In support of his "cause" position, petitioner asserts he was unable to present the issue to the Appellate Division because at the time of his appeal, he was confined to the Matteawan State Hospital and his attorney never consulted with him concerning the issues he, petitioner, desired to raise on appeal and that it was not until July 1980, four and a half years after the conviction had been affirmed that he received the appeal papers.

8. Hearing minutes at 308; Trial Record (hereafter T.R.) at 5–9.

9. T.R. at 465.

10. T.R. at 753.

11. N.Y.Crim.Proc.Law § 710.70(3) (McKinney 1971) provides:
   A motion to suppress evidence made pursuant to this article is the exclusive method of challenging the admissibility of evidence upon the grounds specified in section 710.20, and a defendant who does not make such a motion before or in the course of a criminal action waives his right to a judicial determination of any such contention.

12. *See United States ex rel. Schaedel v. Follette*, 447 F.2d 1297, 1300 (2d Cir. 1971); *People v. Gonzalez*, 55 N.Y.2d 887, 449 N.Y.S.2d 18, 433 N.E.2d 1266 (1982) (mem.); *People v. Winslow*, 36 A.D.2d 997, 998, 321 N.Y.S.2d 722, 723 (1971); *People v. Covington*, 18 A.D.2d 1086, 1086, 237 N.Y.S.2d 156, 157 (1963); *cf. People ex rel. Knox v. Smith*, 60 A.D.2d 789, 400 N.Y.S.2d 656 (1977).

13. 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

14. *Wright v. Bombard*, 638 F.2d 457, 460 (2d Cir. 1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981) (citing *Forman v. Smith*, 633 F.2d 634, 640 (2d Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981)).

15. *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977).

While petitioner does not state the reason for his commitment or when he was committed to Matteawan State Hospital, the Court takes judicial notice that it is a state institution for the confinement of mentally ill persons charged with or convicted of crimes.[16] The period within which his appeal had to be filed expired 30 days from the date of the imposition of sentence.[17] A person who is under confinement because of mental illness is hardly in a position to advise and consult with his attorney in an intelligent and meaningful way. It does not appear from this record whether at the time the notice of appeal was filed the petitioner was in confinement at Matteawan or elsewhere; nor is any information set forth as to the date of his commitment or by what court. Whatever the fact, it is apparent that counsel filed the appeal and had he failed to do so, the judgment of conviction would have remained in effect absent a showing of special circumstances.[18] Thus the attorney, whether he timely filed the appeal on his own initiative or after consultation with petitioner following his conviction, was faithful to the petitioner's interests and fully protected his right to appeal. Under all the circumstances, the Court finds, although for reasons somewhat different from those upon which the Magistrate based his recommendation, that the petitioner has not shown "cause" for the failure to raise the issue in the Appellate Division. The Magistrate did not consider the further requirement of "prejudice" under *Wainwright v. Sykes*. This Court, however, despite agreement with the Magistrate on the "cause" issue, proceeds upon an assumption that petitioner has established "cause," and considers whether the failure to present to the Appellate Division the alleged constitutional infirmity of the confession was to petitioner's "actual prejudice."

While the ultimate decision as to whether or not to appeal rests with a defendant, "decisions concerning which legal issues will be urged upon appeal are uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment."[19] And such judgments also apply to constitutional claims. As stated by the Chief Justice,

the decision to assert or not to assert constitutional rights or constitutionally based objections at trial is necessarily entrusted to the defendant's attorney, who must make on-the-spot decisions at virtually all stages of a criminal trial. As a practical matter, a criminal defendant is rarely, if ever, in a position to decide, for example, whether certain testimony is hearsay and, if so, whether it implicates interests protected by the [Constitution]; indeed, it is because "[e]ven the intelligent and educated layman has small and sometimes no skill in the science of law" that we held it constitutionally required that every defendant who faces the possibility of incarceration be afforded counsel.[20]

Once the confession was admitted into evidence, it became the cornerstone of petitioner's defense—that the robbery had been a completed crime and that the murder was committed in his absence or without his knowledge. It was entirely exculpatory. It was used to his benefit rather than to his detriment. That it failed of its intended purpose does not establish actual prejudice.

The confession was also relied upon extensively in petitioner's brief on appeal to attack the sufficiency of the evidence to sustain his conviction of the felony mur-

---

**16.** N.Y.Correc.Law § 400 (McKinney 1968). Effective April 1, 1977, jurisdiction over such persons was transferred to the Department of Mental Hygiene. N.Y.Correc.Law § 402 (McKinney 1968 & Supp.1981); N.Y.Mental Hygiene Law § 29.27 (McKinney 1978).

**17.** N.Y.Crim.Proc.Law § 460.10 (McKinney 1971 & Supp.1981).

**18.** N.Y.Crim.Proc.Law § 460.30 (McKinney Supp.1980).

**19.** *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978).

**20.** *See Wainwright v. Sykes*, 433 U.S. 72, 93, 97 S.Ct. 2497, 2509, 53 L.Ed.2d 594 (1977) (Burger, C. J., concurring).

der.[21] Without the confession, there was no basis upon which that claim could have been urged upon appeal. It was also used to bolster the claim with respect to an erroneous charge as to the burden of proof described hereafter. Counsel's decision not to present upon appeal the confession claim reflects a considered judgment that not only would its presentation have detracted from the force of the principal contention that the evidence was insufficient to sustain the verdict, but in the light of the record, that it was not even a colorable claim. The determination of the admissibility of the confession turned upon disputed fact issues requiring the appraisal of witnesses whose testimony was in conflict. The trial judge found beyond a reasonable doubt that the confession was voluntary; the jury likewise accepted the version of the state's witnesses. In this circumstance, it would have been an exercise in futility to urge upon a higher court to set aside the fact-finding determination as to the voluntariness of the confession. A reading of the *Huntley* hearing and the trial minutes compels the conclusion that any contention that the admission of the confession was an error of constitutional proportions borders on the frivolous.

The decision not to raise the issue of the confession was a matter of appellate tactics[22] which in no way gives support to petitioner's claim that thereby he was denied the effective assistance of counsel, here raised for the first time.[23] Indeed, John W. Davis, one of the most effective advocates before the Supreme Court of the United States in its more than 200 year history, was of the view that it was a counsel of wisdom to limit argument of appeal to a single point, always to "go for the jugular vein."[24] The matter has been neatly stated by Judge Newman of our Court of Appeals in a similar parallel situation:

> By no stretch of the imagination was petitioner's appellate counsel ineffective in the Sixth Amendment sense. . . . From the possible issues to be raised on appeal, he focused on an important one with likelihood of success and did not risk obscuring its worth in a welter of trivia. . . . Having reviewed the transcript of the *Wade* hearing, I am entirely satisfied that while a non-frivolous challenge could have been made, petitioner's appellate counsel cannot be faulted for considering the probability of success too slight to merit inclusion in the initial appeal.[25]

■ Petitioner makes the bald statement that his attorney never consulted him as to the issues he desired to raise on appeal, assuming he was mentally competent to give expression to his views. Since the same counsel represented petitioner at every stage of his criminal proceeding, the failure to submit an affidavit from his attorney or an explanation for its absence weighs heavily against his claim.[26] Under all the circumstances, the Court finds that petitioner has failed to establish actual

21. Brief for Appellant at 6–15.

22. *See People v. DeMauro*, 48 N.Y.2d 892, 894, 424 N.Y.S.2d 884, 886, 400 N.E.2d 1336, 1338 (1979).

23. *People v. Aiken*, 45 N.Y.2d 394, 399–400, 408 N.Y.S.2d 444, 447, 380 N.E.2d 272 (1978) ("the right to counsel was not intended to afford a defendant, aided by the wisdom of hindsight, [an opportunity] to second guess matters of trial strategy employed by counsel"); *People v. Dietz*, 79 A.D.2d 476, 477, 437 N.Y.S.2d 185, 187 (1981) ("unsuccessful trial tactics do not amount to ineffective assistance of counsel in every case"); *People v. Jackson*, 74 A.D.2d 585, 586–87, 424 N.Y.S.2d 484, 485 (1980), aff'd 52 N.Y.2d 1027, 438 N.Y.S.2d 299, 420 N.E.2d

97 (1981) ("unsuccessful strategy decisions do not spell out ineffective assistance of counsel").

24. Davis, The Argument of Appeal, 26 ABA J. 895, 897 (1940).

25. *Ennis v. LeFevre*, 560 F.2d 1072, 1077–78 (2d Cir. 1977) (Newman, J., concurring), cert. denied, 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978).

26. *See United States ex rel. Brooks v. McMann*, 408 F.2d 823, 826 (2d Cir. 1969); *United States ex rel. Homchak v. New York*, 323 F.2d 449, 450 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); *Fluitt v. Superintendent, Green Haven Correctional Facility*, 480 F.Supp. 81, 86 (S.D.N.Y.1979).

prejudice by reason of the fact that his contention with respect to the admissibility of the confession was not urged upon his appeal.

■ Finally, petitioner contends that the court erroneously instructed the jury that proof beyond a reasonable doubt was not required to establish that the murder was committed in the course of or in furtherance of the robbery or in immediate flight therefrom thereby violating his right to due process of law. At the conclusion of the court's instructions to the jury, counsel took a "general exception" to the charge. This was followed by a bench conference whereupon the court added:

> If you find beyond a reasonable doubt that a robbery was committed but you find that the Prosecution has failed to establish *to your satisfaction* that the robbery was still in progress and had not terminated or that the immediate flight therefrom was not being accomplished, then you can not [sic] find the defendant guilty of murder and that the killing did not occur in the immediate flight therefrom.[27]

Petitioner argues that the clear inference which a jury would draw from the phrase "to your satisfaction" is that some other standard than proof "beyond a reasonable doubt" was applicable on the issue whether the robbery was still in progress. This claim fails on a number of grounds. First, no exception was taken to the instruction and thus the issue was not saved for appellate review.[28] Moreover, it does not appear that it was presented to the appellate court as a federal constitutional claim but rather urged on the ground that "it must be assumed . . . that the standard utilized by the jury was to his prejudice and less than that required of the prosecution under the law."[29]

■ But more important, the contention distorts the specific instruction in relationship to the main charge. The court in its principal charge on the murder count several times explicitly set forth that the burden of proof rested upon the people to establish beyond a reasonable doubt each and every essential element of the crime.[30] Viewed against such precise instructions, to suggest that the jury understood that the phrase "to your satisfaction" relieved the state of its burden to establish guilt beyond a reasonable doubt is a play on words. In short, "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge."[31] So considered, there is no substance to the petitioner's claim.

Upon the entire record and for the reasons set forth herein, the recommendation of the Magistrate that the petition be dismissed is approved; accordingly, the petition for a federal writ of habeas corpus is denied. So ordered.

27. T.R. at 764 (emphasis supplied).

28. *People v. Reynolds*, 25 N.Y.2d 489, 495, 307 N.Y.S.2d 201, 205, 255 N.E.2d 548, 551 (1969); *People v. Adams*, 21 N.Y.2d 397, 403, 288 N.Y. S.2d 225, 228, 235 N.E.2d 214, 216 (1968).

29. Brief for Appellant at 17.

30. T.R. at 746–48; 760–62.

31. *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). *See also* *United States v. Park*, 421 U.S. 658, 674, 95 S.Ct. 1903, 1912, 44 L.Ed.2d 489 (1975) (a court in reviewing jury instructions is "to view the charge itself as part of the whole trial"); *United States v. Birnbaum*, 373 F.2d 250, 257 (2d Cir.), *cert. denied*, 389 U.S. 837, 88 S.Ct. 53, 19 L.Ed.2d 99 (1967) ("[o]ften isolated statements taken from the charge, seemingly prejudicial on their face, are not so when considered in the context of the entire record of the trial.")