■ In the Matter of DONALD K., a Person Alleged to be a Juvenile Delinquent, Appellant. [621 NYS2d 905] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated April 28, 1994, which, upon a fact-finding order of the same court, dated April 6, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, as well as finding that the appellant committed acts constituting unlawful possession of a weapon by a person under 16 (two counts), adjudged him to be a juvenile delinquent and placed him with the Division for Youth for 18 months. The appeal brings up for review the fact-finding order dated April 6, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, reveal that the appellant's counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Jackson,* 52 NY2d 1027; *People v Aiken,* 45 NY2d 394; *cf., People v Bell,* 48 NY2d 933; *People v Droz,* 39 NY2d 457).

Moreover, while the Family Court denied the request of the appellant's counsel for an adjournment at the commencement of the fact-finding hearing so that counsel could prepare, the appellant was not prejudiced as a result thereof. This conclusion is supported by counsel's effective cross-examination of the arresting officer, counsel's meaningful closing argument, and counsel's written motion.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.