■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADA VELASQUEZ, Appellant. [681 NYS2d 5] —Judgment, Supreme

Court, Bronx County (Efrain Alvarado, J.), rendered July 17, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and sentencing her, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to concurrent terms of 5 to 10 years, and otherwise affirmed.

The court properly granted closure of the courtroom during the testimony of the undercover officer. The People elicited a sufficient basis, including the fact that the undercover officer had continuing operations in a limited geographical area that included the area of defendant's arrest, to warrant closure of the courtroom during the testimony of the undercover officer (*People v Ayala*, 90 NY2d 490, *cert denied* 522 US 1002).

The court's prompt actions, including curative instructions, prevented any possibility of prejudice arising from testimony suggesting that defendant or her codefendant might have been previously known to the police and defendant's mistrial motion was properly denied (*see, People v De Mauro*, 48 NY2d 892, 893).

The court properly denied defendant's motion for a mistrial based upon testimony that defendant contends improperly bolstered the undercover's identification testimony, since the challenged testimony did not constitute improper bolstering in the context of this buy and bust case (*People v Eastman*, 239 AD2d 276, 277). In any event, the trial court sustained objections, struck much of the complained-of testimony and gave prompt curative instructions (*see, People v Watkins*, 212 AD2d 357, *lv denied* 85 NY2d 981).

We find the sentence excessive to the extent indicated. Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.